| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: May 11, 2016 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 am |

_____

| | |
|---|---|
| In Re: | Chapter 13 |
| MARGARET AND JOHN RICCI-BREEN, | Case No. 14-22798 (rdd) |
| Debtor(s). | |

_____

## NOTICE OF APPLICATION BY DEBTOR'S COUNSEL
## FOR COMPENSATION FOR NON-BASE LEGAL FEES

PLEASE TAKE NOTICE that upon the annexed application of H. Bruce Bronson, Esq., a request will be made on May 11, 2016 at 10:00 a.m., or as soon thereafter as counsel can be heard before the Honorable Robert D. Drain, U.S. Bankruptcy Judge, at the U.S. Bankruptcy Court, Southern District of New York, 300 Quarropas, White Plains, NY for an allowance of attorney's fees for non-base professional services rendered to the Debtor(s) incurred from June 5, 2014, through March 8, 2016, pursuant to §§ 327 and 503 of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the amount of $14,572.30 in non-base fees and expenses attributable to a contested Pond Motion and Loss Mitigation exceeding $1,500.

Dated: Harrison, NY
March 9, 2016

BRONSON LAW OFFICES, P.C.

By: /s/ H. Bruce Bronson
H. Bruce Bronson (HB 3263)
Bronson Law Offices, P.C.
480 Mamaroneck Ave
Harrison, NY 10528
Telephone: 877-385-7793
Fax: 888-908-6906

| UNITED STATES BANKRUPTCY COURT | **Hearing Date: May 11, 2016** |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | **Hearing Time: 10:00 am** |

_____

In Re:

MARGARET AND JOHN RICCI-BREEN,

                              Debtor.

_____

Chapter 13

Case No. 14-22798 (rdd)

**APPLICATION BY DEBTOR'S COUNSEL**
**FOR COMPENSATION FOR NON-BASE LEGAL FEES AND EXPENSES**

      H. Bruce Bronson, Esq., an attorney duly admitted to practice law in the State of New York, owner of Bronson Law Offices, P.C. (the "Firm") respectfully moves the Court for approval of non-base legal fees and expenses of $14,572.30 and in connection herewith declares the following under penalty of perjury:

      1.     This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within the meaning of 28 U.S.C. § 157.

      2.     I am the attorney for Margaret and John Ricci-Breen (the "Debtor(s)") and as such am fully familiar with all the facts and circumstances herein.

      3.     This application is submitted for the purposes of securing compensation for additional non-base (contested Pond Motion and loss mitigation exceeding $1,500) legal services rendered and fees incurred from June 5, 2014, through March 8, 2016, in the amount of $14572.30 (which includes expenses of $1,645.00), pursuant to Bankruptcy Rule 2016 and Sections 327 and 503 of the Bankruptcy Code.

**SERVICES RENDERED**

      4.     On September 24, 2013, the Debtor(s) entered into a written agreement wherein they consented to retain my Firm to represent them in a chapter 13 proceeding on a flat fee basis, wherein $3,281 was paid prior to filing and a base fee of $3,000 was to be paid from the Plan. **See Exhibit A –**

**Retainer Agreement**. The Chapter 13 Plan contemplated an uncontested Pond Motion to be billed on an hourly basis and loss mitigation for which of the flat fee $1,500 was allocated. Amounts in excess of $1,500 (on an hourly basis) were to be charged hourly pursuant to fee application and court approval. The Pond Motion was contested based on valuation and a hearing ensued. The Pond Motion was eventually granted (after briefing one of the cases issues) and a loan modification was obtained. See Post-Trial Memorandum of Decision on Debtors' Motion for an Order Voiding Second Mortgage Lien of PNC Bank, National Association Under 11 U.S.C. Section 1332, *In Re: John Ricci-Breen and Margaret Ricci-Breen*, Case No. 14-22798. The legal services for the contested Pond Motion were not included in the Firm's base fee and accordingly is charged at the Firm's hourly rates as set forth in the Retainer Agreement ($250 to $350 per hour for attorney time and $90 per hour for legal assistant or paralegal time). The time charges for loss mitigation have also been charged and a credit of $1,500 applied pursuant to the Retainer Agreement. A stipulation was also negotiated and prepared that eliminates a Bankruptcy Code section 109(e), which is also outside the normal services provided for a Chapter 13 bankruptcy.

## FEE REQUEST

5.      Our office performed actual and necessary services which were crucial to the effective representation of the Debtors. The success of the Pond Motion after hearing and briefing was a valuable service for the Debtors and their bankruptcy estate. The successful loan modification that was obtained after protracted loss mitigation also inured to the benefit of the Debtors.

6.       Between June 5, 2014 and March 8, 2016, the Firm devoted 55.17 hours of billable time to non-base matters at the hourly rate of $90.00 per hour for legal assistant and paralegal time; $250.00 per hour for associate attorney time and $350.00 per hour for my time for a total of $14,427.30. Out of pocket expenses for mailing and postage, filing fees, service of process and costs of experts for the purpose of testimony are $1,645.00. See **Exhibit B – Billing Statement (and report breaking out the time by user (Attorney or paralegal) and by activity).** We have not billed for the preparation of this motion or the appearance required pursuant to this motion.

7. No payments for any services rendered or to be rendered have heretofore been made or promised in connection with this case other than the pre-filing base retainer of $3,281 (which included the filing fee) paid by the Debtor to our office prior to filing. An additional $3,000 base fee is payable pursuant to the retainer (which is in addition to the amounts requested in this fee application).

8. Consideration of the factors set forth in Section 330(a) (3) (A) of the Code shows that the requested fee is appropriate. The services provided were necessary to the successful administration of the case to date. There was no duplication of services. A review of the invoice shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed. The rates charged ($250.00 to $350.00 per hour) is no higher than that charged by other attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters, and no higher than rates charged to other clients of the undersigned Firm.

9. Courts frequently look to the "lodestar" formula in assessing attorneys' fees under 11 U.S.C. 330(a). *In re Brous*, 370 B.R. 563 (Bankr. S.D.N.Y., 2007). Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. *Id.* This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. Id., see also *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). In *Johnson v. Georgia Highway Express, Inc.*, the fifth Circuit Court of Appeals enumerated factors that could be used to adjust an attorney's fee:

    a. the time and labor required;

    b. the novelty and difficulty of the questions;

    c. the skill requisite to perform the legal service properly;

    d. the preclusion of other employment by the attorney due to acceptance of the case;

    e. the customary fee;

    f. whether the fee is fixed or contingent;

    g. time limitations imposed by the client or the circumstances;

    h. the amount involved and the results obtained;

    i. the experience, reputation, and ability of the attorneys;

    j. the "undesirability" of the case;

    k. the nature and length of the professional relationship with the client; and

    l. awards in similar cases.

Johnson, 488 F.2d at 717-719; Barber 577 F.2d at 226 n.28; Anderson, 658 F.2d at 248 n.2.

  10. We submit the following lodestar analysis in support of its request for allowance of fees and disbursements:

    a. **The time and labor required.** The amount of time required to represent the Debtor for the proof of claim challenge required the amount of time and labor that is being billed.

    b. **Novelty and difficulty of the questions.** While this matter was not novel, all bankruptcy matters are novel in that they require individual attention to the specific fact patterns which can vary significantly and impact on the outcome.

    c. **The skill requisite to perform the legal service properly.** Because of the experience of Debtors' counsel in handling matters of this nature, we were able to perform the requisite services properly and effectively.

    d. **The preclusion of other employment by the Firm due to acceptance of this case.** While this case has not presented a direct time-commitment conflict with other matters handled by the undersigned, it has taken a significant amount of the limited time available to counsel, diverting attention from other matters in which the Firm may have otherwise been involved.

    e. **The customary fee for similar work.** I submit that the fees sought herein are warranted, and are no greater than typical competitor practitioners in the local legal market for attorneys with comparable skill and experience with comparable practices.

f. **Whether the fee is fixed or contingent.** The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by the Debtor are subject to approval of this Court, and thus are, to an extent, contingent.

g. **Time limitations imposed by the client or circumstances**. Because of the nature of this Bankruptcy proceeding, we have been compelled to render legal services, in some instances, under time constraints.

h. **The amounts involved and the results obtained.** The Firm has diligently represented the Debtor(s) in his Chapter 13 case and expects to be successful in attaining a desirable result.

i. **Experience, reputation and ability of the attorney.** I have practiced law in myriad capacities for over 30 years and have been the principal attorney of the Firm, for approximately seven years. The Firm has broad experience representing clients in bankruptcy in the Southern and Eastern Districts of New York.  I submit to the Court the proposition that the hourly rates charged by the Firm are commensurate with the rates charged by other experienced practitioners located Westchester and in the New York City metropolitan area.

j. **The "undesirability" of the case.** This case is not undesirable in the opinion of our Firm; however, the outcome of the case was uncertain from the outset due to the vagrancies of loan modification and the other work we undertook and therefore may be considered high risk for payment.

k. **The nature and length of the Firm's professional relationship with the client.** The Firm has been counsel to the Debtor(s) since 2014, and we have been retained continuously since that date. We have met with the Debtors numerous times and have a very good professional relationship with them. We have been sensitive to the Debtor's changing needs over the course of this case.

**WHEREFORE**, the undersigned, respectfully requests that the Court enter an Order approving payment of additional compensation and expenses as an administrative expense in the amount of $14,572.30 (which includes expenses of $1,645.00) for non-base legal fees in addition to the base legal

fee of $3,000 to be paid from Debtor's Chapter 13 Plan and that applicant have such other and further

relief as the Court may deem just and proper.

Dated: Harrison, NY
March 9, 2016

                                          BRONSON LAW OFFICES, P.C.

                                          By: /s/ H. Bruce Bronson
                                          H. Bruce Bronson (HB 3263)
                                          Bronson Law Offices, P.C.
                                          480 Mamaroneck Ave.
                                          Harrison, NY 10580
                                          Telephone: 877-385-7793
                                          Fax: 888-908-6906